Per Curiam.

Moss filed his petition in the probate court, to *368 compel the appellants, as administrator and administratrix of Johnson Moss, to pay a legacy of $800, left by the will of Johnson Moss to petitioner. During the progress of the cause, technical objections were raised, first, by a demurrer to the petition, then by plea, and then by demurrer to the replication to the plea. In both instances the decisions of the court on the demurrers was correct. Instead of taking issue on the replication to the plea, the defendants below filed an answer; all the intermediate proceedings may therefore be laid out of view, and the case considered as presented by the petition, the answer, and the proofs.
The answer sets up, in bar of petitioner’s right, a final settlement of the estate, and a discharge of the administrators. It also avers positively, that the legacy, has been paid, and refers to the final account, in which the administrators are credited “by special legacy paid Walter Moss, ordered by the will with interest thereon, $917'.” The final account was approved by the court, but the administrators were not finally discharged ; on the contrary, certain rules were prescribed to guide them in their future conduct. It is now insisted that the final account was conclusive, and could not be opened at a subsequent term. The answer to. this is, that there is no effort to open or set aside the account. Admit it to be conclusive, then, as to every thing shown by it, does it constitute a bar to the petitioner’s right? No item of the account is disputed; no inaccuracy complained of; but on its face it is no bar to the plaintiff’s right to his legacy. It only proves that it was paid to him, and such payment does not amount to a discharge. The petitioner is an infant, and no payment of a legacy to a minor is valid, and the executor will be compelled to repay it. 1 Roper on Legacies, 589. Even on the case then made by the answer, which does not deny the infancy, the petitioner was entitled to a decree. But it is said that the prochein ami was improperly permitted to testify; but he proved nothing, except that the legacy had been paid, and that was testifying against his interest. His testimony is at most only cumulative; but in truth it proves nothing in the least important in the controversy. Besides, it was addressed to the court, *369 not to a jury, and for these reasons furnishes no grounds for reversing the judgment. In Hill v. Anderson, 5 S. & M. 216, we held that if an infant sue to recover back specific property sold by him, he must refund what he has received, but this rule cannot be applied here. This seems to have been a payment in money, and was made at the wish of the administrator.
Decree affirmed.